CLARENCE W. DERBY, PLAINTIFF IN ERROR, v. THE STATE,
DEFENDANT IN ERROR.

1. Upon the trial of a common law indictment for keeping a disorderly
house, evidence of the habitual illegal sales of intoxicating liquors
is admissible. The supplement to the Crimes act, approved March
10th, 1893 (*Gen. Stat.*, p. 1101), forbids such an indictment of any per-
son for the offence of keeping a disorderly house only when the offence
sought to be punished consists wholly in the unlawful sale of such
liquors.

2. It was not improper to charge that if the jury believed the evidence
adduced by the state, it was their duty to convict, if, in fact, the evi-
dence established defendant's guilt beyond a reasonable doubt, and the
jury were properly instructed on the subject of reasonable doubt.

The writ of error brings up the conviction of the plaintiff
in error charging him with keeping and maintaining a disor-
derly house.

Argued at February Term, 1897, before MAGIE, CHIEF
JUSTICE, and Justices DEPUE, VAN SYCKEL and LIPPIN-
COTT.

For the plaintiff in error, *Clarence L. Cole.*

For the state, *Samuel E. Perry.*

The opinion of the court was delivered by

MAGIE, CHIEF JUSTICE. The indictment in this case
charged plaintiff in error with the offence of keeping a dis-
orderly house in the mode in which that crime was charged in
indictments at common law.

The entire proceedings on the trial have been brought be-
fore us, and it thereby appears that the evidence disclosed that
the house was frequented by dissolute and disorderly persons;
that the quiet of the neighborhood was disturbed by the noise
and boisterous conduct of those who frequented the house,
and that intoxicating drinks were habitually sold in violation
of law.

One of the assignments of error complains of the admission of evidence respecting the illegal sales of liquor. The contention is that, by virtue of the supplement to the Crimes act, approved March 10th, 1893 (*Gen. Stat.*, *p.* 1101), it has been made unlawful to indict any person for the offence of keeping a disorderly house where the offence consists in the unlawful sale of intoxicating liquors. That supplement, upon examination, does not justify the construction put upon it in the argument. It does render it unlawful to indict any person for keeping a disorderly house where the offence sought to be punished consists *wholly* in the unlawful sale of spirituous, vinous, malt or brewed liquors. This legislation doubtless grew out of the fact that, by the Werts law, the mere sale of intoxicating liquors in quantities less than a quart without a license for that purpose, made the seller guilty of the offence of keeping a disorderly house. But where the indictment charges a person with the common law offence of maintaining a common nuisance by keeping a disorderly house, and the evidence shows that the house is maintained as a bawdy-house and a common place of disorder, evidence of the illegal sale of intoxicating liquors habitually made is obviously germane to the charge of the indictment and not forbidden by the legislation on which the argument of counsel for plaintiff in error was grounded.

It is further claimed on behalf of plaintiff in error that the court erred in charging the jury that if they believed the testimony adduced on the part of the state it was their duty to convict. The jury were, however, further instructed as to the duty to give to plaintiff in error the benefit of any reasonable doubt arising from the evidence. Taking the whole charge together, the evidence contained in the bill of exceptions justifies it, for if that evidence be believed the plaintiff in error was plainly guilty beyond any doubt. If believed it established that plaintiff in error permitted his house to be used as a place of assignation, to be frequented by dissolute men and women and to offend the neighborhood by noise and disorder.

None of the other objections made in behalf of the plaintiff in error seem to require consideration. The judgment must be affirmed.